IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Fabian Tinner,

        Plaintiff,

        vs.                           Case No. 11-2694-JTM

Farmers Insurance Company,

        Defendant.

MEMORANDUM AND ORDER

On February 23, 2012, the court granted the Motion to Dismiss of defendant Farmers Insurance, finding that the motion should be granted both for good cause shown and pursuant to D. Kan. R. 7.4. The court determined that both Farmers and *pro se* plaintiff Fabian Tinner were residents of Kansas, and that the court lacked jurisdiction to hear Tinner's claims of negligence and fraudulent conveyance. (Dkt. 1, at 7). Tinner has subsequently filed multiple motions, including a Motion for Reconsideration (Dkt. 14), a Motion for Relief from Judgment (Dkt. 17), a Motion for Writ of Execution (Dkt. 19), and motions for hearing on each of the above. (Dkt. 15, 18, 20).

All of plaintiff's motions are hereby denied. The plaintiff correctly notes that he had indeed filed a Response to Farmer's motion to dismiss prior to dismissal of the action. But, as the court's Order dismissing the action indicated, Tinner had filed "no *timely* response" on the jurisdictional issue. Such response was due on or before February 15, 2012. Local Rule 6.1 expressly requires any motion for extension of time must be filed before the underlying deadline expires. In addition, Rule

6.1(a) provides specific showings that must accompany any request for extension, and specifies that in the absence of compliance with the Rule, the court will deny requests for such relief.

At no time prior to the February 15, 2012 deadline did Tinner either respond to the deadline or seek an extension. Accordingly, the court correctly granted Farmers' motion under Rule 7.4 in light of the absence of any timely response.

Further, the untimely Response — which seeks to repackage Tinner's state claims of fraudulent conveyance and negligence into federal civil rights claims — clearly lacks any merit. Tinner's Complaint includes a form response which includes a checkmark in the box for civil rights actions, but the remainder of the Complaint is utterly devoid of any suggestion of federal question jurisdiction. In the complete-the-blank portion of the form, Tinner specifies that Farmers is guilty of "Breach of Contract, fraud, Wrongful Payment to Previous lienholder." (Dkt. 1, at 3). In the narrative he attached to the Complaint, he cites only state law claims, stating that Farmers "neglectfully and fraudulently" failed to protect his interests. (*Id*. at 7). The Complaint fails to allege facts showing the case arises under federal law, and was accordingly properly dismissed. *See Martinez v. United States Olympic Com'n*., 802 F.2d 1275, 1280 (10th Cir.1986).

Tinner has failed to show any good cause for reconsideration of the Court's prior Order. Further, all of his successive motions assume the validity of his motion for reconsideration, and a corresponding denial of Farmers' Motion to Dismiss the action. The successive motions are denied accordingly. The court finds that it is without jurisdiction to hear the action, denies the Motion for Reconsideration, and denies all other requests by plaintiff for relief.

IT IS ACCORDINGLY ORDERED this 11th day of April, 2012, that the plaintiff's (Motion for Reconsideration (Dkt. 14), Motion for Relief from Judgment (Dkt. 17), Motion for Writ of Execution (Dkt. 19), and Motions for Hearing (Dkt. 15, 18, 20) are hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE